IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CLAY THOMAS GRESHAM                                                                                         PLAINTIFF

v.                                            Civil No. 1:23-cv-01098

NURSE KASEY SANFORD;
DR. DEANNA HOPSON;
CAPTAIN LISA WORLEY; and
OFFICER JARRETT DAVIS                                                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to comply with Court Orders and to prosecute this matter. On October 30, 2023, Plaintiff Clay Thomas Gresham, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. When Plaintiff initiated this action, he requested to proceed *in forma pauperis* ("IFP"). ECF No. 2. That same day, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, granted Plaintiff's request to proceed IFP. ECF No. 3.

On November 2, 2023, Judge Bryant ordered that Turn Key Health Clinics, LLC ("Turn Key"), be added as a defendant to this action for the purposes of serving Defendants Sanford and Hopson ("Medical Defendants"), and further ordered that the Complaint be served on Defendants. ECF No. 7. On November 30, 2023, Counsel entered her appearance on behalf of Defendant Turn Key, provided service information for the individual Medical Defendants, and requested that Defendant Turn Key be dismissed from this action. ECF Nos. 10 & 11.

On December 5, 2023, Judge Bryant ordered that the individual Medical Defendants be served at the address Turn Key provided, ordered that Turn Key be terminated as a defendant to this action, and denied Turn Key's Motion to Dismiss as moot, noting that Plaintiff identified the

Medical Defendants in their individual and official capacities. ECF No. 12. On December 7, 2023, service documents were filed showing that Defendants Tibbs and Worley ("County Defendants") were served on November 9, 2023. County Defendants deadline to file an answer or otherwise responsive pleading expired on November 30, 2023. ECF No. 14.

On December 12, 2023, Judge Bryant ordered County Defendants to show cause as to why they should not be found in default for failing to answer or respond to the lawsuit within 21-days of service as previously ordered. ECF No. 16. On December 12, 2023, Plaintiff filed a notice of change of address. ECF No. 17. On December 15, 2023, County Defendants responded to the order to show cause, requesting to set aside the summons for Defendant C.O. Tibbs and requesting leave to file an answer out of time. ECF Nos. 18-22. On December 20, 2023, Judge Bryant granted County Defendants' Motion to Set Aside Service of Process on Defendant C.O. Tibbs, granted Defendant Worley's Motion to Answer Out of Time, and directed Defendant Worley to respond to the lawsuit by January 10, 2024. ECF No. 25. That order also directed Defendant Worley to identify the name of the individual who Plaintiff alleges put him in a "pickle suit" on or about August 4, 2023. *Id.* That same day, Defendant Worley submitted her Answer. ECF No. 26. On December 28, 2023, Medical Defendants filed their Answer. ECF No. 28. That same day, mail originally sent to Plaintiff at the Union County Detention Center ("UCDC") was returned as undeliverable, and was then re-mailed to Plaintiff's updated address in Hot Springs, Arkansas. ECF No. 29.

On January 17, 2024, Judge Bryant ordered Defendants to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by March 4, 2024, or promptly file a notice saying they did not intend to pursue such a defense at trial. ECF No. 32. On that same day, Judge Bryant ordered

Defendant Worley to show cause as to why she should not be found in contempt for failing to comply with the order directing her to identify the county official who placed Plaintiff in a "pickle suit" on August 4, 2023.  ECF No. 33.  On January 24, 2024, Defendant Worley responded to the show cause order, identifying Officer Jarrett Davis as the official who placed Plaintiff in a "pickle suit" on August 4, 2023.  ECF No. 34.  The next day, Judge Bryant ordered that Defendant C.O. Tibbs be terminated as a defendant to this action, that Defendant Jarrett Davis be identified as a defendant to this action, and that Defendant Davis be served with the Complaint.  ECF No. 35.  On February 14, 2024, Defendant Davis filed an Answer.  ECF No. 37.  On March 1, 2024, Medical and County Defendants filed a joint notice stating that they did not intend to pursue summary judgment on the issue of exhaustion.  ECF No. 39.  On March 5, 2024, Judge Bryant issued an initial scheduling order, directing, among other things, that any motion for summary judgment on the merits be submitted by August 1, 2024.  ECF No. 40.

On May 3, 2024, Medical Defendants filed a Motion to Compel Discovery Requests and Motion to Deem Defendants' Requests for Admissions Admitted, on the grounds that Plaintiff failed to respond to their discovery requests within 30 days.  ECF No. 43.  On May 6, 2024, Judge Bryant ordered Plaintiff to respond to Medical Defendants' motion by May 20, 2024, failing which this matter would be subject to dismissal for failure to prosecute.  ECF No. 45.  Plaintiff's mail was not returned as undeliverable.  That deadline passed and Plaintiff failed to respond.  On May 28, 2024, therefore, Judge Bryant ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute.  ECF No. 46.  Plaintiff's show cause response was due by June 18, 2024.  *Id.*  That Order was not returned as undeliverable.

The deadline to respond to the Court's Show Cause Order has now passed, and Plaintiff has failed to respond or communicate with this Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to prosecute this case and failed to comply with two court orders. *See* ECF Nos. 17 & 20. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of July, 2024.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge